IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLINTON C. ST. CLASSIS BROWN, II, | CIVIL 14-00559 LEK-BMK |
| Plaintiff, | |
| vs. | |
| DCK WORLDWIDE LLC, | |
| Defendant. | |

**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL UNDER THE CIVIL RIGHTS ACT OF 1964**

On December 12, 2014, pro se plaintiff Clinton C. St. Classis Brown, II ("Plaintiff") filed his Application to Proceed Without Prepaying Fees or Costs ("Application") and his Request for Appointment of Counsel Under the Civil Rights Act of 1964 ("Request"). [Dkt. nos. 2, 3.] The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Application and the Request, and the relevant legal authority, Plaintiff's Application and Request are HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

Plaintiff filed his charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 20, 2014, and the EEOC issued its Dismissal and Notice of Rights ("Right to Sue Letter") on September 30, 2014. The Right to Sue Letter stated that Plaintiff could file a lawsuit against the respondent within ninety days of receipt of the letter. [Dkt. no. 1-3 (Right to Sue Letter) at 1.]

Plaintiff timely filed his Employment Discrimination Complaint ("Complaint") against DCK Worldwide LLC ("Defendant") on December 12, 2014. The Complaint alleges discrimination based on race or color, and national origin. [Dkt. no. 1 (Complaint) at 3.] Plaintiff alleges that the discrimination occurred on or about February 19, 2013 and March 30, 2013. [Id. at 4.] He alleges that, *inter alia*, he was: (1) called racial epithets on two occasions by coworkers; (2) treated differently from his coworkers and made to work unreasonable hours; (3) subjected to a hostile work environment, public ridicule and humiliation by his supervisor; (4) terminated from two different jobs for whistle-blowing and "slander," and not offered Consolidated Omnibus Budget Reconciliation Act ("COBRA") benefits after termination; and (5) refused employment by Defendant's competitors because of negative references. [Id. at 3.] Plaintiff also attaches a document that describes more fully the basis for the Complaint

("Statement"), and a signed Letter of Compromise addressed to Defendant ("the Letter").[1]  [Dkt. nos. 1-1, 1-2.]

## DISCUSSION

### I. Leave to Proceed *In Forma Pauperis*

Plaintiff seeks leave to proceed *in forma pauperis*, *i.e.*, without the prepayment of fees and costs.  This district court has recognized that:

> A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted).  However, a court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action is frivolous, that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998).  A complaint is frivolous if "it has no arguable substance of law or fact."  Tripati, 821 F.2d at 1370 (citations omitted); Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  Neitzke, 490 U.S. at 325.

---

[1] The Letter appears to be a draft, and there is no evidence that it was either sent to, or received by, Defendant.

Waterhouse v. Cufi Church Ass'n, Civil No. 14-00144 ACK-KSC, 2014 WL 1415025, at *1 (D. Hawai`i Mar. 25, 2014) (alteration in Waterhouse).[2]  Between the Complaint, Statement, and Right to Sue Letter, Plaintiff appears to state a non-frivolous claim. However, Plaintiff is not entitled to the relief requested in his Application.

Plaintiff's Application shows that he is not employed, but that he receives $337.00 per week in unemployment insurance. [Application at 1.]  This results in an annual income of $17,524.00.  Plaintiff does not have anyone who is dependent on him for support, and he does not have any debts or financial obligations.  [Id. at 2.]  Although he reports that he has no cash or savings, and that his monthly expenses for rent, food, and utilities are over $875.00 per month [id.,] Plaintiff's income exceeds the poverty threshold for a single individual in Hawai`i, which is currently $13,420.00.  See Annual Update of the HHS Poverty Guidelines, 79 Fed. Reg. 3593-01 (Jan. 22, 2014). This Court therefore FINDS that Plaintiff does not qualify as a person who is unable to pay or give security for court fees. Plaintiff's Application is HEREBY DENIED.

---

[2] This citation refers to the magistrate judge's findings and recommendation, which the district judge adopted on April 11, 2014.  2014 WL 1415327.

4

## II. **Appointment of Counsel**

Plaintiff requests the appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1), which states, in pertinent part: "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant . . . ." There is, however, no constitutional right to the appointment of counsel in employment discrimination cases. See, e.g., Hayes v. Mabus, Civil No. 14-00158 DKW-RLP, 2014 WL 1660619, at *2 (D. Hawai`i Apr. 25, 2014) (citing Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 269 (9th Cir. 1982)).[3] In reviewing Plaintiff's Request, this Court must consider his financial resources, his efforts to secure counsel, and the merits of his claims. See, e.g., Williams v. 24 Hour Fitness USA, Inc., No. CIV.14-00560 BMK-NONE, 2014 WL 7404604, at *2 (D. Hawai`i Dec. 30, 2014) (citing Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318 (9th Cir. 1981)).

The first factor, Plaintiff's financial resources, weighs slightly for appointment of counsel. Although this Court has denied Plaintiff leave to proceed *in forma pauperis*, Plaintiff has limited resources and may not have sufficient income and assets to retain private counsel.

---

[3] The citation to Hayes refers to the magistrate judge's findings and recommendation, which the district judge adopted. 2014 WL 1660619, at *2.

The second factor requires this Court to consider whether Plaintiff made "a reasonably diligent effort under the circumstances to obtain counsel." See Bradshaw, 662 F.2d at 1319. It appears from the Request that Plaintiff contacted three attorneys, [Request at 4,] and the Court finds that this does not constitute a "reasonably diligent effort." See, e.g., Vanhorn v. US Gov't Contracted Hana Grp., Inc., Civil No. 12-00215 LEK-KSC, 2012 WL 1571509, at *2 (D. Hawai`i May 3, 2012) (citation omitted) (finding that contacting only three attorneys was not "reasonably diligent"). Plaintiff's efforts to retain counsel therefore weigh against the appointment of counsel.

The third factor requires the Court to consider whether Plaintiff's case has "some merit." See Bradshaw, 662 F.2d at 1319. This factor also weighs against the appointment of counsel. As noted above, the appointment of counsel in employment discrimination cases is discretionary, and there is no constitutional right to counsel. See Ivey, 673 F.2d at 269. The district court does not maintain a panel of attorneys who are willing to take cases such as Plaintiff's. In addition, the Court notes that Plaintiff's Complaint does not raise complex legal or factual issues and Plaintiff appears reasonably capable of representing himself pro se. The Court therefore declines to appoint counsel pursuant to 42 U.S.C. § 2000e-5(f)(1). The Court suggests that Plaintiff seek the assistance of the Hawaii State

6

Bar Association's Hawaii Lawyer Referral & Information Service. The referral service can be reached at (808)537-9140 or at www.hawaiilawyerreferral.com.

Since the factors weigh against the appointment of counsel, the Court advises Plaintiff that he must represent himself pro se unless and until he is able to retain counsel and counsel enters an appearance in this case. Pro se litigants are responsible for complying with all of the applicable court rules and deadlines. See, e.g., Solis v. McKessen, 465 F. App'x 709, 710 (9th Cir. 2012) ("Pro se litigants must follow the same rules of procedure that govern other litigants." (quoting King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)).

## **CONCLUSION**

On the basis of the foregoing, Plaintiff's Application to Proceed Without Prepaying Fees or Costs and his Request for Appointment of Counsel Under the Civil Rights Act of 1964, both filed December 12, 2014, are HEREBY DENIED.

Plaintiff must pay the filing fee by no later than **February 27, 2015.** If Plaintiff fails to do so, this action may be automatically dismissed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 13, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CLINTON C. ST. BROWN, II VS. DCK WORLDWIDE LLC; CIVIL 14-00559 LEK-BMK; ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL UNDER THE CIVIL RIGHTS ACT OF 1964**