IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLINTON C. ST. CLASSIS BROWN, II, | CIVIL 14-00559 LEK-BMK |
| Plaintiff, | |
| vs. | |
| DCK WORLDWIDE LLC, | |
| Defendant. | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT TO DISMISS EMPLOYMENT DISCRIMINATION COMPLAINT FILED 12/12/14**

Before the Court is Defendant DCK Worldwide LLC's ("DCK Worldwide") Motion to Dismiss or in the Alternative, Motion for Summary Judgment to Dismiss Employment Discrimination Complaint Filed 12/12/14 ("Motion"), filed January 20, 2015. [Dkt. no. 12.] Pro se Plaintiff Clinton C. St. Classis Brown, II ("Plaintiff") filed his memorandum in opposition on March 12, 2015, and a supplemental memorandum on March 16, 2015 ("Supplemental Memorandum"), and DCK Worldwide filed its reply on March 18, 2015. [Dkt. nos. 25, 29, 30.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, DCK

Worldwide's Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

On December 12, 2014, Plaintiff filed his Employment Discrimination Complaint ("Complaint") alleging claims of: discrimination based on race, color, ethnicity and national origin; slander; retaliation; and wrongful termination. [Complaint at 2-3.[1]] Specifically, he alleges that he was a construction quality control manager employed by DCK Worldwide from February to April 2013 to oversee a project in Guam. [Id. at 5-6.] He further alleges that: his boss and another employee called him by a racial epithet on two occasions; he was made to work longer hours than, and treated differently from, his Caucasian coworkers, including by being publicly reprimanded for taking sick leave;[2] and he was retaliated against for reporting his employer's compliance failures to the project owner upon the owner's request. [Id. at 6-8, 10.] Plaintiff also alleges that he was wrongly terminated from the position in Guam, and blackballed in Guam and in Hawai`i, including being summarily dismissed from a position in December 2013 – where he was

---

[1] Since Plaintiff's filings are comprised of multiple documents that are not consecutively paginated, the Court refers to the CM/ECF docket pages therein.

[2] Plaintiff does not state his race, ethnicity or nationality in the Complaint.

overseeing a DCK Worldwide project – after the Guam incident came to light. [Id. at 9-10.] Finally, Plaintiff alleges that he filed charges with the United States Equal Employment Opportunity Commission ("EEOC") on January 20, 2014, and he attaches EEOC Form 161, showing that the EEOC closed its file on his case on September 30, 2014. [Id. at 4, 14.] In the instant Motion, DCK Worldwide seeks dismissal of the entire action with prejudice. See Mem. in Supp. of Motion at 5.

## **DISCUSSION**

The sum and substance of DCK Worldwide's argument for dismissal is that DCK Worldwide never employed Plaintiff, and thus Plaintiff has not stated a discrimination claim against it as his employer.[3] Plaintiff responds that DCK Worldwide did employ him, or at least its subsidiary, DCK Guam LLC, and therefore DCK Worldwide is "accountable for the actions of its' officers acting on their behalf!"[4] [Suppl. Mem. at 1.] In its

---

[3] The single piece of evidence that DCK Worldwide offers in support of its Motion is the declaration of its Senior Vice President, Laurie Bowers, stating that, "based upon [her] personal knowledge and review of the human resource and employment files and records kept in the normal course of business of dck Worldwide LLC[,] [Plaintiff] was not employed and has never been an employee of dck Worldwide LLC." See Motion, Concise Statement of Facts in Support of Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment to Dismiss Employment Discrimination Complaint Filed 12/12/14, Decl. of Laurie Bowers ("Bowers Decl.") at ¶ 3.

[4] Plaintiff attaches to his memoranda a cease and desist
(continued...)

3

reply, DCK Worldwide argues that Plaintiff fails create a genuine issue of material fact since: (1) he nowhere in the Complaint mentions either DCK Guam LLC (or DCK pacific guam, LLC) ("DCK Guam"); (2) he offers no evidence in his opposition of claims he has against DCK Worldwide as opposed to his actual employer DCK Guam; (3) Plaintiff should have known who his employer was because it was stated clearly in the Cease and Desist Letter; and (4) Plaintiff has provided no allegations or evidence of the relationship between DCK Worldwide and DCK Guam. [Reply at 6-7.]

The Court agrees that Plaintiff's Complaint, as currently drafted, fails to state a claim against DCK Worldwide. All of the allegations and Plaintiff's evidence, see supra n.4, assert a claim against DCK Guam, not DCK Worldwide, as Plaintiff's employer. See Fed. R. Civ. P. 12(b)(6). The Court thus GRANTS the Motion, and DISMISSES the Complaint.

The Court, however, DENIES the Motion insofar as DCK Worldwide requests dismissal with prejudice, and thus the

---

⁴(...continued)
letter from "counsel to dck pacific guam, LLC ('dck')," dated September 27, 2013 [Mem. in Opp. at 2 ("Cease and Desist Letter"),] and Plaintiff's Form W-2GU showing his employer as DCK Pacific Guam LLC [Suppl. Mem. at 2]. Plaintiff also filed an Ex-Parte Motion Supplement and addendum on March 20, 2015, attaching printouts from the DCK Worldwide website, which he argues shows that DCK Worldwide is the parent company of DCK Guam LLC. [Dkt. no. 31.] Since it is untimely, the Court does not consider this latest supplemental memorandum. But, even if it did, the purported evidence would not change the outcome of the instant Motion.

4

dismissal is WITHOUT PREJUDICE.  The Court finds that Plaintiff's failure to name the proper party is easily remedied, and to do so would cause no prejudice to either DCK Guam or DCK Worldwide.[5]  See Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) (holding that dismissal with prejudice is improper unless "the complaint could not be saved by any amendment" (citation omitted)).  The Court therefore gives Plaintiff leave to file an amended complaint by **May 14, 2015**, which is well before the June 12, 2015 deadline to amend pleadings or add a party.  See Rule 16 Scheduling Order, filed 3/30/15 (dkt. no. 33), at 2.

The Court further notes that Plaintiff may have a meritorious claim against DCK Worldwide as DCK Guam's parent company.[6]  To raise that claim in his amended complaint, Plaintiff simply must allege that DCK Worldwide is the parent of

---

[5] The Court reminds DCK Worldwide that federal courts employ notice pleading, the central purpose of which is to put the defendant on notice of the claims against it – even in light of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  See Twombly, 550 U.S. at 555 ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" (alteration in Twombly) (citation and internal quotation marks omitted)).

[6] Although DCK Worldwide argues that Plaintiff has neither alleged nor offered evidence that DCK Worldwide is DCK Guam's parent company and has authority over it related to human resource functions, [Reply at 7,] notably it does not deny these facts outright.

5

DCK Guam and that it has authority over DCK Guam, as he argued in his Supplemental Memorandum. See Suppl. Mem. at 1.

Further, the Court informs Plaintiff, since he is proceeding pro se, that he may request a waiver of service of process from both DCK Worldwide and DCK Guam, pursuant to Federal Rule of Civil Procedure 4(d). Rule 4(d)(1) imposes on individuals, corporations or associations, that are subject to service of process, a "duty to avoid unnecessary expenses of serving the summons." To request a waiver, it must send a notice and request to the defendants.

The notice and request must:

> (A) be in writing and be addressed:
>
>> (i) to the individual defendant; or
>>
>> (ii) for a defendant subject to service under Rule 4(h),[7] to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
>
> (B) name the court where the complaint was filed;
>
> (C) be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form;
>
> (D) inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service;

---

[7] Rule 4(h) applies to defendants that are corporations, partnerships or associations and, therefore, service would be pursuant to Rule 4(h) as to DCK Worldwide and DCK Guam.

>           (E) state the date when the request is sent;
>
>           (F) give the defendant a reasonable time of
>           at least 30 days after the request was
>           sent--or at least 60 days if sent to the
>           defendant outside any judicial district of
>           the United States--to return the waiver; and
>
>           (G) be sent by first-class mail or other
>           reliable means.

Fed. R. Civ. P. 4(d)(1). If a defendant fails to waive service of process, without good cause, this Court must impose fees upon it. Fed. R. Civ. P. 4(d)(2).

## **CONCLUSION**

On the basis of the foregoing, Defendant DCK Worldwide LLC's Motion to Dismiss or in the Alternative, Motion for Summary Judgment to Dismiss Employment Discrimination Complaint Filed 12/12/14, filed January 20, 2015, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as the Court DISMISSES pro se Plaintiff Clinton C. St. Classis Brown, II's Employment Discrimination Complaint, filed December 12, 2014. The Motion is DENIED insofar as the dismissal is WITHOUT PREJUDICE. Plaintiff has until **May 14, 2015** to file his amended complaint if he so chooses. After **May 14, 2015**, Plaintiff must file a motion if he intends to file an amended complaint.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 31, 2015.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CLINTON C. ST. CLASSIS BROWN, II VS. DCK WORLDWIDE LLC; CIVIL 14-00559 LEK-BMK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT TO DISMISS EMPLOYMENT DISCRIMINATION COMPLAINT FILED 12/12/14**