IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLINTON C. ST. CLASSIS BROWN, II, | CIVIL 14-00559 LEK-KJM |
| Plaintiff, | |
| vs. | |
| DCK WORLDWIDE LLC, ET AL., | |
| Defendants. | |

**AMENDED ORDER DENYING PLAINTIFF'S EX-PARTE MOTION TO APPEAL RULING BY JUDGE KENNETH MANSFIELD RENDERED ON APRIL 13, 2016**

On April 19, 2016, pro se Plaintiff Clinton C. St. Classis Brown, II ("Plaintiff") filed an Ex-Parte Motion to Appeal Ruling by Judge Kenneth Mansfield Rendered on April 13, 2016 ("Appeal").[1] [Dkt. no. 118.] Defendants dck Worldwide LLC, dck Guam LLC, and DCK Pacific Guam, LLC (collectively "Defendants") filed a memorandum in opposition on May 12, 2016. [Dkt. no. 125.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Appeal, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Appeal is HEREBY

---

[1] On May 12, 2016, Plaintiff filed a second motion challenging the magistrate judge's rulings ("5/12/16 Motion"). [Dkt. no. 128.] In an entering order filed on May 17, 2016, the Court found that the 5/12/16 Motion duplicated the instant Motion and struck it from the record. [Dkt. no. 129.]

DENIED for the reasons set forth below.

## BACKGROUND

Plaintiff was employed by Defendants from February 2013 to April 2013 as a Construction Quality Control Manager on a hospital project in Dededo, Guam ("Project"). [First Amended Complaint, filed 5/6/15 (dkt. no. 37), at ¶¶ 4, 23.] He states that, a few weeks into his job, a representative of the hospital asked Plaintiff to show him around the Project. During the tour, Plaintiff, at the representative's request, pointed out problems with the Project. [Id. at ¶ 7.] Plaintiff alleges that, after the tour, Defendants began to treat him differently. This treatment included, *inter alia*: a reprimand for calling in sick; verbal abuse for calling in sick; and being forced to work longer hours than other employees. [Id. at ¶¶ 9-12.] Plaintiff further alleges that he was subjected to racial slurs and other unfair treatment based on his race. [Id. at ¶¶ 15-21, 31-37.] On April 14, 2013, Plaintiff was terminated from his employment with Defendants, and he states that Defendants went out of their way to ensure that he did not find another job in the construction industry in Guam or Hawai`i. [Id. at ¶¶ 23, 25.]

The First Amended Complaint states claims for: violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.* ("Count I"); [id. at ¶ 39;] retaliation in violation of Title VII

("Count II"); [id. at ¶¶ 40-42;] violation of 42 U.S.C. § 1985 ("Count III"); [id. at ¶¶ 43-44;] violation of Haw. Rev. Stat. Chapter 378; [id. at ¶¶ 45-46;] and intentional infliction of emotional distress ("Count IV") [id. at ¶¶ 47-50].

On February 3, 2016, Defendants filed a Motion for an Order Prohibiting Plaintiff Clinton St. Classis Brown II's Direct Contact and Harassment of Witnesses, Employees, and Agents of Defendants ("Contact Motion"). [Dkt. no. 95.] The Contact Motion sought a court order prohibiting Plaintiff from contacting Defendants' witnesses, officers, and agents. The motion also sought fees and costs incurred as a result of filing the motion and attending the hearing.[2] [Mem. in Supp. of Contact Motion at 6.]

On February 12, 2016, Defendants filed a Motion for Protective Order Concerning Plaintiffs Requests for Production/Discovery of Financial Information of Defendants, Its Officers, Employees and/or Agents ("Motion for Protective Order"). [Dkt. no. 100.] The motion sought a protective order, pursuant to Fed. R. Civ. P. 26(c), regarding Defendants' financial information, including, *inter alia*, tax returns, the

---

[2] Defendants state that, at the Fed. R. Civ. P. 16 conference in this matter, the magistrate judge "asked [Plaintiff] if he would restrict his contact in this matter to [Defendants' counsel's] office, and [Plaintiff] agreed to do so." [Mem. in Supp. of Contact Motion at 1-2.] Plaintiff, however, did not comply with the magistrate judge's instructions. See id. at 2-3.

value of certain federal contracts, and employees' personal tax returns.  The Motion for Protective Order also sought to quash Plaintiff's subpoenas seeking such information.  [Motion for Protective Order at 2-3.]

On February 18, 2016, Defendants filed a Motion for Sanctions for Plaintiff's Failure to Provide Discovery ("Motion for Sanctions").  [Dkt. no. 104.]  The Motion for Sanctions sought:  the production of discovery requested and required of Plaintiff pursuant to previous court orders; sanctions for failure to provide the discovery within thirty days; and attorneys' fees and costs for filing the motion and attending the hearing.  [Mem. in Supp. of Motion for Sanctions at 13.]

All three motions were heard by the magistrate judge on April 13, 2016.  At the hearing, the magistrate judge orally: granted the Contact Motion, without attorneys' fees and costs; granted the Motion for Protective Order without attorneys' fees and costs; and granted in part and denied in part the Motion for Sanctions, granting all but one of the sanctions requested by Defendants.  [Minutes, filed 4/13/16 (dkt. no. 116), at 1-2.]  On April 26, 2016, the magistrate judge filed written orders in accordance with his oral rulings.  See dkt. nos. 121-123.

**STANDARD**

This district court has stated:

> Pursuant to 28 U.S.C. § 636(b)(1)(A), a
> district judge may designate a magistrate judge to

hear and decide a pretrial matter pending before the court. The decision of the magistrate judge on non-dispositive matters is final. Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). However, a district judge may reconsider a magistrate's order on these non-dispositive pretrial matters and set aside that order, or any portion thereof, if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR 74.1; see Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004); see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002).

The threshold of the "clearly erroneous" test is high. See Boskoff v. Yano, 217 F. Supp. 2d 1077, 1084 (D. Haw. 2001). The magistrate judge's factual findings must be accepted unless the court is "left with the definite and firm conviction that a mistake has been committed." United States v. Silverman, 861 F.2d 571, 576-[77] (9th Cir. 1988). "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. City & Cnty. of S.F., 951 F.2d 236, 241 (9th Cir. 1991).

"A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Na Pali Haweo Cmty. Ass'n v. Grande, 252 F.R.D. 672, 674 (D. Haw. 2008); see Hunt v. Nat'l Broadcasting Co., 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

Himmelfarb v. JP Morgan Chase Bank, Nat'l Ass'n, CV. No. 10-00058 DAE-KSC, 2011 WL 4498975, at *2 (D. Hawai`i Sept. 26, 2011).

## **DISCUSSION**

Plaintiff is proceeding pro se, and the Court must construe his filings liberally. See, e.g., Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2015 WL 1966671, at *2 (D. Hawai`i Apr. 30, 2015) ("The Court liberally construes

5

the [plaintiffs'] filings because they are proceeding pro se." (citing Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987)). Even construing the Appeal liberally, Plaintiff has not provided any grounds upon which the Court may set aside the magistrate judge's rulings.

      Plaintiff claims that the magistrate judge made an error in his ruling on the Motion for Protective Order because "[t]hese documents are important to show that the Defendants . . . are not following [f]ederal guidelines as federal contractors receiving federal tax dollars[.]"[3] [Appeal at 4 (emphasis omitted).]  Defendants contend that they filed the Motion for Protective Order because the financial information Plaintiff sought is protected by the Hawai`i State Constitution and because "Plaintiff has not made a prima facie case for punitive damages against Defendants."  [Mem. in Opp. at 15.]  In his written order granting in part and denying in part the Motion for Protective Order, the magistrate judge explained "[i]f, later in the case, Plaintiff can meet the requirements for obtaining this discovery, the Court will revisit the issue at that time." [Dkt. no. 122 at 3.]  It is clear to this Court that the

---

[3] The Court notes, without addressing the truth of Plaintiff's assertions, that whether or not Defendants are complying with federal guidelines is simply not relevant to any of Plaintiff's claims in this case.  Further, even if it were relevant, the Court questions whether Plaintiff would have standing to bring such a claim.

magistrate judge considered the documents requested by Plaintiff, correctly applied the law in concluding that Plaintiff's requests were inappropriate at this time, and allowed for possible discovery of the requested documents in the future. The Court FINDS that this ruling is neither clearly erroneous nor contrary to law.

Similarly, Plaintiff appears to allege that the magistrate judge made an error of law in his ruling on the Contact Motion. See Appeal at 4 ("To be barred from contacting these witnesses that no longer work for the Defendants . . . is a gross miscarr[i]age of justice[.]" (emphasis omitted)). This argument is unavailing. In his order granting in part and denying in part the Contact Motion, the magistrate judge explained, "[a]ll communication between [Plaintiff] and Defendants . . . , including current and former officers, employees, and agents will be only through the law offices of O'Connor, Playdon & Guben."[4] [Dkt. no. 121 at 2-3.] The magistrate judge continued, "[Plaintiff] remains free to take proper discovery of these witnesses, which discovery shall be arranged through the law offices of O'Connor, Playdon & Guben. If O'Connor, Playdon & Guben does not represent a former dck officer, employee, or agent, it shall so advise [Plaintiff] so

---

[4] O'Connor, Playdon & Guben is the law firm representing Defendants.

that he may contact such witness(es) directly." [Id. at 3.] Further, it is uncontested that the communications that gave rise to the Contact Motion were not "legitimate attempt[s] . . . to interview a witness by Plaintiff in preparation for bringing his claims," but were instead "an all too familiar pattern of abuse which escalates over time." [Mem. in Opp. at 12.] Contrary to his assertions, Plaintiff has not been barred from contacting potential witnesses, but simply must do so through Defendants' counsel. The Court FINDS that the magistrate judge's ruling is neither clearly erroneous nor contrary to law.

Plaintiff does not provide any argument related to the Motion for Sanctions. Instead, the remainder of the Appeal consists of statements expressing Plaintiff's strong disagreement with the magistrate judge's rulings, and conclusory statements regarding Defendants' alleged attempts to avoid liability. See, e.g., Appeal at 4 (alleging that Defendants have "sold 95% of[] its equipment and federal contracts to one of its new subsidiaries" and "changed its name" to avoid liability in the instant matter (emphasis omitted)). These statements do not establish grounds upon which the Court may reconsider the magistrate judge's rulings.

The Court notes that Plaintiff's actions – as described in the Contact Motion, Motion for Protective Order, and Motion for Sanctions – are very troubling. Plaintiff is reminded that

he must comply with both the Local Rules and the Federal Rules of Civil Procedure.  While he may feel frustrated, overwhelmed, or misunderstood at times, Plaintiff must follow these rules.  In addition, the Court reminds all parties of the magistrate judge's instruction that all further communication "shall be governed by the Hawaii State Bar Association's Guidelines of Professional Courtesy."  [Dkt. no. 121 at 3.]

## CONCLUSION

On the basis of the foregoing, Plaintiff Clinton C. St. Classis Brown, II's Ex-Parte Motion to Appeal Ruling by Judge Kenneth Mansfield Rendered, filed April 13, 2016, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 20, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CLINTON C. ST. CLASSIS BROWN, II VS. DCK WORLDWIDE LLC, ET AL; CIVIL 14-00559 LEK-KJM; AMENDED ORDER DENYING PLAINTIFF'S EX-PARTE MOTION TO APPEAL RULING BY JUDGE KENNETH MANSFIELD RENDERED ON APRIL 13, 2016**