IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLINTON C. ST. CLASSIS BROWN, II, | CIVIL 14-00559 LEK-KJM |
| Plaintiff, | |
| vs. | |
| DCK WORLDWIDE LLC, ET AL., | |
| Defendants. | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT TO DISMISS ALL OF PLAINTIFF'S CLAIMS**

On August 10, 2016, Defendants dck Worldwide LLC, dck Guam LLC, and DCK Pacific Guam, LLC (collectively "Defendants") filed a Motion for Summary Judgment to Dismiss All of Plaintiff's Claims ("Motion"). [Dkt. no. 139.] On August 29, 2016, pro se Plaintiff Clinton C. St. Classis Brown, II ("Plaintiff") filed a memorandum in opposition, and on October 17, 2016, Defendants filed a reply. [Dkt. nos. 147, 151.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendants' Motion is GRANTED for the reasons set forth below.

## BACKGROUND

The background of this matter is well known the parties, and the Court only repeats those facts that are relevant to the instant Motion. Plaintiff was employed by Defendants from February 2013 to April 2013 as a Construction Quality Control Manager on a hospital project in Dededo, Guam ("Project"). [First Amended Complaint, filed 5/6/15 (dkt. no. 37), at ¶¶ 4, 23.] He states that, a few weeks into his job, a representative of the hospital asked Plaintiff to show him around the Project. During the tour, Plaintiff, at the representative's request, pointed out problems with the Project. [Id. at ¶ 7.] Plaintiff alleges that, after the tour, Defendants began to treat him differently. This treatment included, *inter alia*: a reprimand for calling in sick; verbal abuse for calling in sick; and being forced to work longer hours than other employees. [Id. at ¶¶ 9-12.] Plaintiff further alleges that he was subjected to racial slurs and other unfair treatment based on his race. [Id. at ¶¶ 15-21, 31-37.] On April 14, 2013, Plaintiff was terminated from his employment with Defendants, and he states that Defendants went out of their way to ensure that he did not find another job in the construction industry in either Guam or Hawai`i. [Id. at ¶¶ 23, 25.]

The First Amended Complaint states claims for: race discrimination in violation of Title VII of the Civil Rights Act

of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.* ("Count I"); [id. at ¶ 39;] retaliation in violation of Title VII ("Count II"); [id. at ¶¶ 40-42;] violation of 42 U.S.C. § 1985 ("Count III"); [id. at ¶¶ 43-44;] race discrimination and retaliation in violation of Haw. Rev. Stat. Chapter 378 ("Count IV"); [id. at ¶¶ 45-46;] and intentional infliction of emotional distress ("IIED") and/or negligent infliction of emotional distress ("NIED," and collectively "Count V") [id. at ¶¶ 47-50].

On February 3, 2016, Defendants filed a Motion for an Order Prohibiting Plaintiff Clinton St. Classis Brown II's Direct Contact and Harassment of Witnesses, Employees, and Agents of Defendants ("Contact Motion"). [Dkt. no. 95.] On February 12, 2016, Defendants filed a Motion for Protective Order Concerning Plaintiffs Requests for Production/Discovery of Financial Information of Defendants, Its Officers, Employees and/or Agents ("Motion for Protective Order").[1] [Dkt. no. 100.] On February 18, 2016, Defendants filed a Motion for Sanctions for Plaintiff's Failure to Provide Discovery ("Motion for Sanctions").[2] [Dkt. no. 104.] All three motions were heard by

---

[1] The motion sought a protective order, pursuant to Fed. R. Civ. P. 26(c), regarding Defendants' financial information, including, *inter alia*, tax returns, the value of certain federal contracts, and employees' personal tax returns. The Motion for Protective Order also sought to quash Plaintiff's subpoenas seeking such information. [Motion for Protective Order at 2-3.]

[2] The Motion for Sanctions sought: the production of
(continued...)

3

the magistrate judge on April 13, 2016.  At the hearing, the magistrate judge orally:  granted the Contact Motion, without attorneys' fees and costs; granted the Motion for Protective Order, without attorneys' fees and costs; and granted in part and denied in part the Motion for Sanctions, granting all but one of the sanctions requested by Defendants.  [Minutes, filed 4/13/16 (dkt. no. 116), at 1-2.]  On April 26, 2016, the magistrate judge filed written orders in accordance with his oral rulings.  See dkt. nos. 121-23.  On April 19, 2016, Plaintiff appealed the magistrate judge's rulings on the motions to this Court, [dkt. no. 118,] and on June 20, 2016, this Court issued an amended order affirming the magistrate judge's rulings ("6/20/16 Order") [dkt. no. 132].

## DISCUSSION

Plaintiff is proceeding pro se, and the Court must construe his filings liberally.  See, e.g., Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2015 WL 1966671, at *2 (D. Hawai`i Apr. 30, 2015) ("The Court liberally construes the [plaintiffs'] filings because they are proceeding pro se." (citing Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987)).

---

[2](...continued)
discovery requested and required of Plaintiff pursuant to previous court orders; sanctions for failure to provide the discovery within thirty days; and attorneys' fees and costs for filing the motion and attending the hearing.  [Mem. in Supp. of Motion for Sanctions at 13.]

The Court notes, however, that Plaintiff must still comply with relevant rules. <u>See</u> Local Rule LR83.13 ("*Pro se* litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

**I. Rules Governing Summary Judgment Motions**

Local Rule 56.1 states, in relevant part:

(a) Motion Requirements. A motion for summary judgment shall be accompanied by a supporting memorandum and a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the court's determination of the summary judgment motion (not the entire case). The motion shall be heard on the schedule set forth in LR7.2, as permitted by Fed. R. Civ. P. 56.

(b) Opposition Requirements. Any party who opposes the motion shall file and serve with his or her opposing papers a separate document containing a single concise statement that admits or disputes the facts set forth in the moving party's concise statement, as well as sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

. . . .

(g) Admission of Material Facts. For purposes of a motion for summary judgment, material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

Defendants filed their Concise Statement of Facts ("Defendants' CSOF") on August 10, 2016. [Dkt. no. 140.] On August 17, 2016, Plaintiff filed a document titled "Addendum to Ex-Parte Motion" ("8/17/16 Addendum"). [Dkt. no. 144.] In an Entering Order

5

filed the same day ("8/17/16 EO"), [dkt. no. 146,] the Court stated that the 8/17/16 Addendum appeared to be a response to the Motion, but that it complied with neither Fed. R. Civ. P. 56 nor Local Rule 56.1. [8/17/16 EO at 2.] Because the 8/17/16 Addendum was submitted before the deadline for Plaintiff's opposition, the Court informed Plaintiff that he could resubmit his opposition and reminded him that it had to comply with all relevant Federal and Local Rules. [Id.] In spite of this, Plaintiff did not submit a concise statement.[3] The Court therefore DEEMS the Defendants' material facts set forth in Defendants' CSOF ADMITTED.

## II. Violation of 42 U.S.C. § 2000e, *et seq.* – Count I

Plaintiff alleges that Defendants treated him "in an oppressively discriminatory manner, creating a 'hostile work environment.'" [First Amended Complaint at ¶ 39.] This district court has stated:

> A plaintiff may establish disparate treatment in violation of . . . Title VII through direct evidence or, alternatively, through the familiar McDonnell Douglas burden shifting framework. See

---

[3] It is worth noting that, in his memorandum in opposition, Plaintiff asserts that he is entitled to certain documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. [Mem. in Opp. at 4.] Any claim that Plaintiff believes he has under FOIA is not presently before this Court and cannot be addressed in the instant Order. Moreover, many of the documents Plaintiff argues that he is entitled to under FOIA have either already been produced or were the subject of the Motion for Protective Order that was granted by the magistrate judge and affirmed by this Court in the 6/20/16 Order.

6

Surrell v. California Water Serv. Co., 518 F.3d 1097, 1105 (9th Cir. 2008) (discussing standard with respect to Title VII and [42 U.S.C.] § 1981 claims). . . .

The framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), begins by requiring a plaintiff to establish a prima facie case of discrimination.  The degree of proof required to establish a prima facie case for summary judgment is minimal.  See Coghlan v. Am. Seafoods Co., 413 F.3d 1090, 1094 (9th Cir. 2005).  A prima facie case of disparate treatment requires a plaintiff to establish that:  (1) the plaintiff is a member of a protected class; (2) the plaintiff was qualified for the position in issue; (3) the plaintiff suffered an adverse employment decision; and (4) one or more employees outside the protected class with comparable qualifications and work records did not suffer similar adverse employment decisions.  See, e.g., White v. Pac. Media Grp., Inc., 322 F. Supp. 2d 1101, 1110 (D. Haw. 2004).

A plaintiff must demonstrate that his or her situation is similar in all material respects to that of employees who received more favorable treatment.  See Moran v. Selig, 447 F.3d 748, 755 (9th Cir. 2006).  However, "a plaintiff is not obligated to show disparate treatment of an **identically** situated employee." McGuinness v. Lincoln Hall, 263 F.3d 49, 54 (2d Cir. 2001) (cited approvingly in Selig).  Instead, "individuals are similarly situated when they have similar jobs and display similar conduct." Hawn v. Exec. Jet Mgmt. Inc., 615 F.3d 1151, 1160 (9th Cir. 2010) (citing Vasquez v. Cnty. of Los Angeles, 349 F.3d 634, 641 (9th Cir. 2003) (finding employee not similarly situated if he "did not engage in problematic conduct of comparable seriousness" to plaintiff's conduct)).

Under the McDonnell Douglas framework, once a plaintiff succeeds in presenting a prima facie case, the burden then shifts to the defendant to articulate a "legitimate, nondiscriminatory reason" for its employment decision.  Noyes v. Kelly Servs., 488 F.3d 1163, 1168 (9th Cir. 2007).

>  "Should the defendant carry its burden, the burden
> then shifts back to the plaintiff to raise a
> triable issue of fact that the defendant's
> proffered reason was a pretext for unlawful
> discrimination." Id.

Jinadasa v. Brigham Young Univ. - Haw., CIVIL NO. 14-00441 SOM/KJM, 2016 WL 6645767, at *3 (D. Hawai`i Nov. 9, 2016) (emphasis and some alterations in Jinadasa).

### A. Direct Evidence

In the First Amended Complaint, Plaintiff alleges that Jack Owen ("Owen"), the construction superintendent, called Plaintiff a racial slur. [First Amended Complaint at ¶ 16.] Moreover, Plaintiff states that John Regis ("Regis"), the assistant superintendent, heard Owen and did not do anything. [Id.] Plaintiff also alleges that, the next day, another co-worker addressed him using a racial epithet. [Id. at ¶ 19.] Plaintiff does not provide any evidence or facts to support these allegations.

"Where harassment by a coworker is alleged, the employer can be held liable only where 'its own negligence is a cause of the harassment.'" Swenson v. Potter, 271 F.3d 1184, 1191 (9th Cir. 2001) (quoting Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 759, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998)). Further, "an employer cannot be held liable for misconduct of which it is unaware." Id. (some citations omitted) (citing Brooks v. City of San Mateo, 229 F.3d 917, 924 (9th Cir. 2000)).

Plaintiff did not report either of these incidents until after he was terminated. [First Amended Complaint at ¶ 24.] Defendants investigated both of these claims, and could not substantiate the claim against Owen and Regis. [Defs.' CSOF at ¶ 16.] Defendants still counseled Owen and Regis "about appropriate behavior" and had them "participate[] in site-wide training held on April 23, 2013 concerning the [Equal Employment Opportunity] Policy of Defendants." [Id.] With respect to the second claim, Kerry Marquez ("Marquez") admitted to the inappropriate greeting and "claimed that he was joking." [Id. at ¶ 18.] "Marquez was terminated for inappropriate behavior." [Id.]

Plaintiff did not provide any evidence to support his claims of direct discrimination, and the undisputed facts show that, once Plaintiff reported these allegations, Defendants responded appropriately. The Court FINDS that Plaintiff has not provided direct evidence of discrimination under Title VII.

### B. Circumstantial Evidence

Plaintiff may also succeed on a Title VII discrimination claim by providing circumstantial evidence of discrimination under the McDonnell Douglas framework. Plaintiff, however, does not provide any facts or evidence that establish any part of a disparate treatment claim. The Court therefore FINDS that Plaintiff has failed to establish a prima facie case of discrimination under Title VII.

Even assuming Plaintiff could show a prima facie case of discrimination, it is undisputed that Plaintiff was terminated for cause. See Defs.' CSOF at ¶ 10 ("Plaintiff was terminated for cause on April 5, 2013 based upon his behavior and attendance."). The reasons for his termination include, *inter alia*: "aggressive and uncooperative" behavior, including threatening co-workers; rejecting a concrete delivery, which resulted in an unnecessary delay in construction; acting aggressively toward a female co-worker; making "inappropriate and harassing comments" to a female co-worker; urinating on the job site; and showing up to work late and leaving early without permission. [Id. at ¶¶ 2-9.] These facts prove that Defendants had a legitimate, nondiscriminatory reason Plaintiff's termination.[4]

### C. **Hostile Work Environment**

Count I appears to include a claim for a hostile work environment that "prevent[ed] [Plaintiff] from performing his normal job responsibilities." [First Amended Complaint at ¶ 39.] This district court has stated that, "[t]o prevail on a hostile work environment claim under Title VII, a plaintiff must show

---

[4] Defendants assert that, even after the Motion for Sanctions was affirmed by the 6/20/16 Order, Plaintiff did not produce any discovery or respond to interrogatories, and he is therefore prohibited from using any of this information to support his claims. [Mem in Supp. of Motion at 15; Defs.' CSOF, Decl. of Dennis E.W. O'Connor Jr. ("O'Connor Decl.") at ¶ 7.]

10

that his or her 'workplace was permeated with discriminatory intimidation . . . that was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment.'" Silverstein v. Carter, CIV. NO. 15-00097 SOM/KJM, 2016 WL 4256944, at *19 (D. Hawai`i Aug. 11, 2016) (alterations in Silverstein) (quoting Brooks v. City of San Mateo, 229 F.3d 917, 923 (9th Cir. 2000)). Again, Plaintiff fails to provide any evidence to support this claim. The Court FINDS that there is no question of material fact and CONCLUDES that Defendants are entitled to judgment as a matter of law on Count I.

### III. Retaliation in Violation of Title VII – Count II

"To make out a prima facie retaliation claim under Title VII, a plaintiff must show that '(1) the employee engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action.'" Jinadasa, 2016 WL 6645767, at *12 (quoting Davis v. Team Elec. Co., 520 F.3d 1080, 1093-94 (9th Cir. 2008)). In addition, "[t]he causal link must establish a 'but for' connection." Id. (quoting Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2533 (2013)). Plaintiff's opposition contains no facts or evidence of Defendants' alleged retaliation, and Plaintiff therefore does not establish a prima facie case of retaliation. Moreover, the Court

11

has already concluded that Plaintiff was terminated for legitimate, nondiscriminatory reasons. The Court FINDS that there is no question of material fact and CONCLUDES that Defendants are entitled to judgment as a matter of law on Count II.

## IV. Violation of 42 U.S.C. § 1985 – Count III

This Court has stated:

> To state a cause of action under 42 U.S.C. § 1985(3),[5] a plaintiff must show: (1) a conspiracy; (2) to deprive a person or class of persons of equal protection or privileges and immunities under the laws; (3) an act by one of the conspirators in furtherance of the conspiracy; and (4) personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States. Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980).
>
> Because § 1985 derives from the Thirteenth Amendment [of the United States Constitution], a plaintiff must allege "invidiously discriminatory, racial or class-based animus." Caldeira v. Cty. of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989); Gillespie, 629 F.2d at 641.

Laqmay v. Nobriga, CIV. NO. 15-00463 LEK/KJM, 2016 WL 1367736, at *3 (D. Hawai`i Apr. 5, 2016). Defendants argue that "Plaintiff was reprimanded while working on the . . . [P]roject for his behavior and attendance and not because of his race or the

---

[5] Although not specified in the First Amended Complaint, it is clear to the Court that Plaintiff's claim arises under § 1985(3). Section 1985(1) concerns preventing an officer from performing his or her duties, and § 1985(2) concerns interfering with court proceedings by "intimidating party, witness, or juror."

alleged reporting of construction deficiencies to the project owner." [Mem. in Supp. of Motion at 21.] Plaintiff provides no evidence to support Count III, and the Court has already determined that Plaintiff was terminated for legitimate, nondiscriminatory reasons. The Court FINDS that there is no question of material fact and CONCLUDES that Defendants are entitled to judgment as a matter of law on Count III.

## V.    Haw. Rev. Stat. Chapter 378 - Count IV

Count IV alleges illegal discrimination and retaliation, including a hostile work environment, in violation of Haw. Rev. Stat. §§ 378-2 and 378-62. The Court will address each of these claims in turn.

### A.    Haw. Rev. Stat. § 378-2

Plaintiff does not state the section of Haw. Rev. Stat. § 378-2 under which he brings his claim, but given that he states that the claim is for discrimination and retaliation, it is clear to the Court it is brought pursuant to §§ 378-2(a)(1) and (2). The Hawai`i Supreme Court has held that "a federal court's interpretation of Title VII is not binding on this court's interpretation of civil rights laws adopted by the Hawai`i legislature," but "the McDonnell Douglas framework can be a useful analytical tool." Furukawa v. Honolulu Zoological Soc., 85 Hawai`i 7, 13, 936 P.2d 643, 649 (1997). Moreover, the Hawai`i Supreme Court has applied the McDonnell Douglas burden-

13

shifting framework to Haw. Rev. Stat. § 378-2 claims for disparate treatment **and** retaliation. See Schefke v. Reliable Collection Agency, Ltd., 96 Hawai`i 408, 425-26, 32 P.3d 52, 69-70 (2001).

This Court has already determined that Plaintiff failed to provide direct evidence of discrimination to support his Title VII claim, and that, using the McDonnell Douglas framework, he also failed to provide circumstantial evidence of discrimination. Moreover, this Court also found that Plaintiff failed to establish a prima facie case of retaliation under Title VII. Plaintiff's opposition to the Motion does not mention Count IV or counter any of Defendants' arguments. This Court therefore FINDS that there is no question of material fact and CONCLUDES that Defendants are entitled to judgment as a matter of law with regard to Plaintiff's Haw. Rev. Stat. § 378-2 claim.[6]

---

[6] To the extent that Plaintiff brings a claim for a hostile work environment under Haw. Rev. Stat. § 378-2, the standard is somewhat different than a hostile work environment claim under Title VII. "For purposes of a Hawaii law claim, the 'analysis of whether particular harassing conduct was severe and pervasive is separate and distinct from the remaining requirements of a plaintiff's claim: it is the harasser's conduct which must be severe or pervasive, not its effect on the plaintiff or the work environment.'" Aoyagi v. Straub Clinic & Hosp., Inc., 140 F. Supp. 3d 1043, 1056 (D. Hawai`i 2015) (quoting Arquero v. Hilton Hawaiian Village LLC, 104 Hawai`i 423, 91 P.3d 505, 512 (2004)). Plaintiff provides no evidence or facts about when and how Defendants created a hostile work environment. The Court therefore FINDS that, to the extent that Plaintiff alleges a state law hostile work environment claim, there is no question of material fact and CONCLUDES that Defendants are entitled to
(continued...)

### B. Haw. Rev. Stat. § 378-62

Haw. Rev. Stat. § 378-62, also known as the Hawai`i Whistleblower Protection Act ("HWPA"), "does not explicitly define the elements of a claim," but

> three elements can be extrapolated from the language of the statute, together with the Hawaii Supreme Court's interpretation of claims under § 378-62. See Crosby v. State Dept. of Budget & Fin., 876 P.2d 1300, 1310 (Haw. 1994), cert. denied, 513 U.S. 1081 (1995); see also Nelson v. Nat'l Car Rental System, Inc., Civ. No. 05-00374 JMS-LEK, 2006 WL 1814341, at *3 (D. Haw. June 30, 2006). First, there must be a showing that the employee "engaged in protected conduct" as it is defined by the HWPA. Crosby, 876 P.2d at 1310. Second, the employer is required to take some adverse action against the employee. Id. Third, there must be "a causal connection between the alleged retaliation and the 'whistleblowing.'" Id. In other words, to meet the causal connection requirement, "[the] employer's challenged action must have been taken 'because' the employee engaged in protected conduct." Id.

Turner v. Ass'n of Apartment Owners of Wailea Point Vill., CIV. NO. 14-00306 BMK, 2016 WL 1298046, at *10 (D. Hawai`i Mar. 31, 2016).

The HWPA prohibits an employer from taking action against an employee for reporting "to a public body" that the employer violated "[a] law, rule, ordinance, or regulation," or "a contract executed by the State, a political subdivision of the state, or the United States." Haw. Rev. Stat. § 378-62(1)(A)-

---

[6](...continued)
judgment as a matter of law.

(B).  The only alleged report that Plaintiff made **before** he was terminated was to a representative of the Project's owner about discrepancies between the contract and the actual construction. [First Amended Complaint at ¶ 7.]  Defendants argue that "[t]his does not rise to the level of reporting an anticipated breach of law [and] suffering an adverse employment action as a result of reporting the same."  [Mem. in Supp. of Motion at 25.]  The Court agrees.  Further, Plaintiff provides no evidence or facts to support his allegation.  The Court FINDS that there is no question of material fact and CONCLUDES that Defendants are entitled to judgment as a matter of law with regard to Plaintiff's Haw. Rev. Stat. § 378-62 claim.

## VI.    Emotional Distress – Count V

Finally, Count V asserts a claim for IIED and/or NIED. The Court will consider each of these in turn.

### A.    IIED

Under Hawai`i law, a claim of IIED must show:

> "(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another." Hac v. Univ. of Hawaii, 102 Haw. 92, 106, 73 P.3d 46, 60-61 (2003).  "An act is unreasonable if it is without just cause or excuse and beyond all bounds of decency[.]  In other words, the act complained of must be outrageous."  See Takaki v. Allied Mach. Corp., 87 Haw. 57, 66 n.13, 951 P.2d 507, 516 n.13 (1998).  In explaining the type of "outrageous" conduct that gives rise to a claim for intentional infliction of emotional distress,

>    the Hawaii Supreme [C]ourt has noted:
>
> > It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.  Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"
>
>    Dunlea v. Dappen, 83 Haw. 28, 38, 924 P.2d 196, 206 (1996).

Martin v. Ampco Sys. Parking, Civil No. 12-00598 SOM/RLP, 2013 WL 5781311, at *15-16 (D. Hawai`i Oct. 24, 2013) (some alterations in Martin).[7]  Defendants argue that Plaintiff has not shown that any of their behavior was outrageous.  [Mem. in Supp. of Motion at 28.]  Plaintiff has not identified any conduct by Defendants that is outrageous, and provides no facts or evidence to support his claim for IIED.  The COURT therefore FINDS that there is no question of material fact and CONCLUDES that Defendants are

---

[7] The district court subsequently granted a motion for reconsideration that is not relevant to the instant matter.  See Martin v. Ampco Sys. Parking, Civil No. 12-00598 SOM/RLP, 2013 WL 6624124 (D. Hawai`i Dec. 16, 2013).

entitled to judgment as a matter of law on Plaintiff's IIED claim.

    **B.**   **<u>NIED</u>**

> Under Hawai`i law, NIED requires:
>
> "(1) that the defendant engaged in negligent conduct; (2) that the plaintiff suffered serious emotional distress; and (3) that such negligent conduct of the defendant was a legal cause of the serious emotional distress." <u>Caraang v. PNC Mortg.</u>, 795 F. Supp. 2d 1098, 1122 (D. Haw. 2011). Additionally, "[a] prerequisite to any negligence action is the existence of a duty owed by the defendant to the plaintiff, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks." <u>Lee v. Corregedore</u>, 83 Hawai`i 154, 158-159 (1996) (internal citation, quotation marks, and brackets omitted).

<u>Toguchi v. Matayoshi</u>, Civil No. 13-00380 DKW-KSC, 2014 WL 7420003, at *10 (D. Hawai`i Dec. 31, 2014). In addition, "this district court has previously recognized that in Hawaii, 'recovery for negligent infliction of emotional distress by one not physically injured is generally permitted only when there is some physical injury to property or [another] person resulting from the defendant's conduct.'" <u>Klingman v. Cty. of Maui</u>, Civ. No. 16-00399 ACK-RLP, 2016 WL 6996986, at *7 (D. Hawai`i Nov. 29, 2016) (alteration in <u>Klingman</u>) (quoting <u>Soone v. Kyo-Ya Co.</u>, 353 F. Supp. 2d 1107, 1118 (D. Haw. 2005)) (some internal quotation marks omitted). Plaintiff does not provide any facts or evidence to support his claim for NIED. Moreover, neither the First Amended Complaint nor any other filing contends that Defendants'

18

actions caused physical injury to Plaintiff, property, or to another person.  The Court FINDS that there is no question of material fact and CONCLUDES that Defendants are entitled to judgment as a matter of law on Plaintiff's NIED claim.

## CONCLUSION

On the basis of the foregoing, Defendants' Motion for Summary Judgment to Dismiss All of Plaintiff's Claims, filed August 10, 2016, is HEREBY GRANTED.  There being no remaining claims, the Court DIRECTS the Clerk's Office to enter judgment in favor of Defendants and close this case on **January 26, 2017**, unless Plaintiff files a motion for reconsideration of this Order by **January 23, 2017**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 4, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CLINTON C. ST. CLASSIS BROWN, II VS. DCK WORLDWIDE LLC, ET AL; CIVIL 14-00559 LEK-KJM; ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT TO DISMISS ALL OF PLAINTIFF'S CLAIMS**