IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLINTON C. ST. CLASSIS BROWN, II, | CIVIL 14-00559 LEK-BMK |
| Plaintiff, | |
| vs. | |
| DCK WORLDWIDE LLC, ET AL., | |
| Defendants. | |

**ORDER: (1) GRANTING DEFENDANTS' MOTION TO STRIKE "SWORN STATEMENT" OF GREGORY BROWNE FILED WITH PLAINTIFF'S "RESPONSE TO MEMORANDUM IN OPPOSITION RE 160 MOTION FOR RECONSIDERATION RE 159 ORDER" FILED ON JANUARY 30, 2017 [DOC. 163]; AND (2) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF RULING 159**

On January 11, 2017, pro se Plaintiff Clinton C. St. Classis Brown, II ("Plaintiff") filed a Motion for Reconsideration of Ruling 159 ("Motion for Reconsideration"). [Dkt. no. 160.] On January 27, 2017, Defendants dck Worldwide LLC, dck Guam LLC, and DCK Pacific Guam, LLC (collectively "Defendants") filed a memorandum in opposition, and, on January 30, 2017, Plaintiff filed a reply. [Dkt. nos. 162, 163.] Also before the Court is Defendants' Motion to Strike "Sworn Statement" of Gregory Browne Filed With Plaintiff's "Response to Memorandum in Opposition Re 160 Motion for Reconsideration Re 159 Order" Filed on January 30, 2017 [Doc. 163] ("Motion to Strike"), filed on February 1, 2017. [Dkt. no. 164.] Plaintiff filed a memorandum in opposition on February 6, 2017, and Defendants

filed a reply on February 13, 2017.[1] [Dkt. nos. 166, 169.] The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the motions, supporting and opposing memoranda, and the relevant legal authority, the Motion to Strike is HEREBY GRANTED and the Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The background of this matter is well known to the parties, and the Court will only discuss the facts relevant to the instant motions. On August 10, 2016, Defendants filed a Motion for Summary Judgment to Dismiss All of Plaintiff's Claims ("Summary Judgment Motion"). [Dkt. no. 139.] On January 5, 2017, the Court filed its Order granting the Summary Judgment Motion ("1/5/17 Order"). [Dkt. no. 159.[2]]

---

[1] Plaintiff titled his memorandum in opposition "Motion to Oppose Striking the Authentic and Original Testimony of Gregory Browne – Senior Superintendent, GMRC Project, Guam!" Plaintiff is proceeding pro se, and the Court must construe his filings liberally. See Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2015 WL 1966671, at *2 (D. Hawai`i Apr. 30, 2015) ("The Court liberally construes the [plaintiffs'] filings because they are proceeding pro se." (citing Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987))). The Court will therefore treat Plaintiff's filing as a memorandum in opposition.

[2] The 1/5/17 Order is also available at 2017 WL 62515.

**STANDARD**

This Court has previously stated that a motion for reconsideration

> "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawai`i June 2, 2014) (citation and internal quotation marks omitted). This district court recognizes three circumstances where it is proper to grant reconsideration of an order: "(1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice." Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawaii May 1, 2013) (citing School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)). "Mere disagreement with a previous order is an insufficient basis for reconsideration." Davis, 2014 WL 2468348, at *3 n.4 (citations and internal quotation marks omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).

**DISCUSSION**

**I. Motion to Strike**

Along with his reply in support of the Motion for Reconsideration, Plaintiff submitted a letter purportedly written by Gregory Browne ("Browne Letter"). [Reply in Supp. of Motion

3

for Reconsideration at 7.[3]] The Motion to Strike argues that the Browne Letter does not conform to the relevant rules. [Motion to Strike at 2.] Specifically, Defendants allege that the Browne Letter violates Fed. R. Civ. P. 56(e),[4] Local Rule 7.6, and 28 U.S.C. § 1746.[5] Moreover, Defendants submit a declaration by

---

[3] Plaintiff's filings are not consecutively paginated, and the Court will refer to the page numbers assigned by this district court's electronic case filing system.

[4] Fed. R. Civ. P. 56(e) provides actions that a court may take "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," including, "consider[ing] the fact undisputed for purposes of the motion[.]"

[5] 28 U.S.C. § 1746 states, in relevant part:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> > (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct . . . ".

The Browne Letter includes an address in New Zealand, and it is
(continued...)

Gregory Ian Brown ("Brown") stating that he did not write the Browne Letter.[6] See Motion to Strike, Decl. of Gregory Ian Brown ("Brown Decl.") at ¶ 3 ("I did not write the statement, and I did not sign the statement on October 29, 2015.").[7] In response, Plaintiff asserts that, *inter alia*: Defendants referenced "Gregory Browne" in previous documents submitted to the Court and the United States Equal Employment Opportunity Commission ("EEOC"); Plaintiff's former attorney obtained the Browne Letter; and Defendants have had the Browne Letter since September 2015. [Mem. in Opp. to Motion to Strike at 4-5.]

Local Rule 7.6 states, in pertinent part, that:

Factual contentions made in support of or in opposition to any motion shall be supported by affidavits or declarations, when appropriate under the applicable rules. Affidavits and declarations shall contain only facts, shall conform to the requirements of Fed. R. Civ. P. 56(e) and 28 U.S.C. § 1746, and shall avoid conclusions and

---

[5](...continued)
dated August 29, 2015. [Reply in Supp. of Motion for Reconsideration at 7.]

[6] The Browne Letter states that "Gregory Browne" is "a former superintendent at dck Worldwide, Guam LLc [sic]." [Reply in Supp. of Motion for Reconsideration at 7.] The Brown Declaration states that Brown "worked on Guam as a senior superintendent for dck pacific guam LLC on the Guam Regional Medical City project until mid 2013." [Brown Decl. at ¶ 1.] The Brown Declaration also points out that the Browne Letter misspells Brown's name. See Brown Decl. at ¶ 4 ("My name is spelled 'Brown' not 'Browne.'").

[7] Defendants submitted a copy of the Brown Declaration with the Motion to Strike, and submitted the original Brown Declaration on February 13, 2017. [Dkt. no. 168.]

> argument. Any statements made upon information or belief shall specify the basis therefor. Affidavits and declarations not in compliance with this rule may be disregarded by the court.

The Browne Letter does not meet the requirements of § 1746, nor does it comply with Rule 56(e) or Local Rule 7.6. Moreover, while Plaintiff repeatedly suggests that all of Defendants' submissions to the Court should be closely scrutinized, see Mem. in Opp. to Motion to Strike at 4 ("the defendants motion to 'strike' Gregory Browne's testimony is further proof of the defendants lawyer's pent-ion to fabricate, invent, and produce bogus testimonials" (emphasis omitted)), he does not address the content of the Brown Declaration or Brown's testimony that he: did not write the Browne Letter; and has not had any contact with Plaintiff since 2013.[8] [Brown Decl. at ¶¶ 3, 6.] The Court

---

[8] In addition to his memorandum in opposition, on February 15, 2017, Plaintiff filed a document titled "Plaintiffs Response to Defendants 168 & 169 Motion" ("Supplemental Memorandum"). [Dkt. no. 170.] Local Rule 7.4 provides deadlines for memoranda in opposition and replies, and states, "[n]o further or supplemental briefing shall be submitted without leave of court." Plaintiff did not request leave to file the Supplemental Memorandum, nor did the Court grant him such leave. "*Pro se* litigants shall abide by all local, federal, and other applicable rules and/or statutes." Local Rule LR83.13. The Court has reminded Plaintiff of this obligation on numerous occasions. See, e.g., Minutes, filed 2/4/16 (dkt. no. 98), at 1 ("The Court reminds Plaintiff that, although he is proceeding pro se, he is still bound by the Federal Rules of Civil Procedure and the Local Rules. Continued violation of the rules may result in sanctions or dismissal of the instant action." (emphasis omitted)). The Court HEREBY STRIKES the Supplemental Memorandum. Even if the Court were to consider the Supplemental Memorandum, however, it does not address the content of the Brown Declaration, including
(continued...)

6

concludes that, because it does not comply with the relevant rules, the Browne Letter should be disregarded, and the Motion to Strike is therefore GRANTED.

I.  **Motion for Reconsideration**

Plaintiff seeks reconsideration of the 1/5/17 Order because, *inter alia*: he was subjected to racial epithets and other questionable comments; Jack Owen ("Owen") and Kerry Marquez ("Marquez") were terminated four months after allegedly using racist language; dck Worldwide LLC Vice President Laurie Bowers ("Bowers"), and Defendants generally, misled the court; the Court has prevented Plaintiff "from calling witnesses or . . . even communicat[ing] with them"; and "no consideration was given . . . to the fact that the plaintiff was terminated from a second job in Honolulu." [Motion for Reconsideration at 2-4.]

First, the Court has already addressed the issue of racist language allegedly used by Plaintiff's coworkers. See 1/5/17 Order at 8-9. Similarly, the Court has already discussed the employment of Owen and Marquez, as well as why their respective terminations do not support Plaintiff's discrimination claims. See id. Next, with regard to the allegations involving Bowers, Plaintiff appears to reference a declaration submitted to support dck Worldwide LLC's motion to dismiss Plaintiff's

---

[8](...continued)
Brown's assertion that he did not write the Browne Letter, and it would not affect the Court's ruling on the Motion to Strike.

7

original complaint.  See Concise Statement of Facts in Supp. of Def.'s Motion to Dismiss or in the Alternative, Motion for Summary Judgment to Dismiss Employment Discrimination Complaint Filed 12/12/14, filed 1/20/15 (dkt. no. 13), Declaration of Laurie Bowers ("Bowers Decl.") at ¶ 3 (stating that Plaintiff was never employed by dck Worldwide LLC).  The Court addressed this matter in its Order filed on March 31, 2015 ("3/31/15 Order"). [Dkt. no. 34 at 4 ("The Court agrees that Plaintiff's Complaint, as currently drafted, fails to state a claim against DCK Worldwide.").[9]]  Fourth, Plaintiff challenges the ruling on Defendants Motion for an Order Prohibiting Plaintiff Clinton St. Classis Brown II's Direct Contact and Harassment of Witnesses, Employees, and Agents of Defendants ("Contact Motion"), filed on February 3, 2016.  [Dkt. no. 95.]  As discussed in the Court's Order filed on June 20, 2016 ("6/20/16 Order"), [dkt. no. 132,] the magistrate judge granted the Contact Motion, without attorneys' fees and costs, and the Court affirmed the magistrate judge's ruling.  [6/20/16 Order at 3-4 (discussing the magistrate judge's rulings), 7-8 (affirming the magistrate judge's ruling on the Contact Motion).]  Accordingly, the Court has already ruled on this matter.  Finally, with regard to Plaintiff's argument that he was terminated from a second job in Honolulu because of Defendants, Plaintiff does not state the claim to which this

---

[9] The 3/31/15 Order is also available at 2015 WL 1499623.

allegation pertains.  However, in the 1/5/17 Order, the Court found that Plaintiff did not provide any evidence to support his conspiracy claim, and the Court also concluded that it "has already determined that Plaintiff was terminated for legitimate, nondiscriminatory reasons."  [Id. at 12-13.]  Thus, Plaintiff does not provide any change in law, new evidence, or clear error upon which the Court may grant reconsideration.

In his reply, Plaintiff alleges additional grounds upon which his Motion for Reconsideration should be granted, but the Court may not consider these additional arguments.  See Local Rule LR7.4 ("Any argument raised for the first time in the reply shall be disregarded.").  Even if the Court were to do so, they would not change the Court's ruling on the Motion for Reconsideration.  Plaintiff's reply repeats the unfounded allegations about the Bowers Declaration, and adds that:  (1) the testimony of former employees of Defendants was "suppressed and withheld from these proceedings"; (2) a temporary restraining order was used in the proceedings before the EEOC to discredit Plaintiff; and (3) the Chief Executive Officer of Nan Inc. said he would not hire Plaintiff because of information learned from Defendants.  [Reply in Supp. of Motion for Reconsideration at 4-6.]  The only testimony that Plaintiff identifies that was allegedly "suppressed and withheld" is the Browne Letter, which

9

has already been stricken from the record.[10] [Id. at 5.] Next, any issue involving a temporary restraining order during the EEOC proceedings is not properly before the Court, nor is it new evidence that has just come to light. Finally, as the Court has already stated, any allegations regarding a conspiracy to keep Plaintiff from getting a job have already been rejected, and Plaintiff has not explained how this is new information that was previously unavailable.[11] The Motion for Reconsideration is therefore DENIED.

## CONCLUSION

On the basis of the foregoing, Defendants dck Worldwide LLC, dck Guam LLC, and DCK Pacific Guam, LLC's Motion to Strike "Sworn Statement" Of Gregory Browne Filed With Plaintiff's "Response to Memorandum in Opposition Re 160 Motion for Reconsideration Re 159 Order" Filed on January 30, 2017 [Doc. 163], filed on February 1, 2017, is HEREBY GRANTED, and Plaintiff Clinton C. St. Classis Brown, II's Motion for Reconsideration of Ruling 159, filed on January 11, 2017, is HEREBY DENIED. The

---

[10] The Court also notes that, in his memorandum in opposition to the Motion to Strike, Plaintiff states that the Browne Letter was obtained by his former attorney, [Mem. in Opp. to Motion to Strike at 5,] and it is therefore implausible that Defendants "suppressed and withheld" that document.

[11] Further, because the Court "determined that Plaintiff was terminated for legitimate, nondiscriminatory reasons," see 1/5/17 Order at 12-13, any information that Defendants provided to future employers about Plaintiff's termination would not be, on its face, unlawful.

Court DIRECTS the Clerk's Office to enter final judgment and close this case.

       IT IS SO ORDERED.

       DATED AT HONOLULU, HAWAII, March 9, 2017.



       /s/ Leslie E. Kobayashi
       Leslie E. Kobayashi
       United States District Judge

**CLINTON C. ST. CLASSIS BROWN, II VS. DCK WORLDWIDE LLC, ET AL; CIVIL 14-00559 LEK-BMK; ORDER: (1) GRANTING DEFENDANTS' MOTION TO STRIKE "SWORN STATEMENT" OF GREGORY BROWNE FILED WITH PLAINTIFF'S "RESPONSE TO MEMORANDUM IN OPPOSITION RE 160 MOTION FOR RECONSIDERATION RE 159 ORDER" FILED ON JANUARY 30, 2017 [DOC. 163]; AND (2) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF RULING 159**